**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:15-CR-60 ALM |
| | § | |
| JOEL HERNANDEZ | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 24, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

On June 5, 2015, Defendant was sentenced by the Honorable Amos L. Mazzant, United States District Judge, to a sentence of "time served" followed by a two (2) year term of supervised release for the offense of Felon in Possession of a Firearm. Defendant began his term of supervision on June 17, 2015. On June 23, 2015, Defendant was deported to Mexico by United States Immigration and Customs Enforcement.

On April 14, 2016, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 27). The Petition asserts that Defendant violated the following conditions of supervision: (1 and 2) Defendant shall not commit another federal, state, or local crime; and (3) As a condition of supervised release, immediately upon release of confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration

1

and Nationality Act, 8 U.S.C. § 1101, *et seq.* If ordered deported, Defendant shall remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within seventy-two (72) hours of release by immigration officials or re-entry into the country.

The Petition alleges that Defendant committed the following violations: (1) On March 27, 2016, Defendant was arrested by Midland , Texas Police Department, for committing the offense of Burglary of a Habitation. As of the writing of the Petition, Defendant remained in custody of the Midland County Detention Center due to an Immigration and Naturalization Service detainer; and (2) Defendant was deported to Mexico on June 23, 2015, but failed to remain outside the United States, as evidenced by Defendant's arrest for committing the offense of Burglary of a Habitation, on March 27, 2016, by Midland Police Department, Midland, Texas. As such, Defendant violated Title 8 U.S.C. § 1326, Illegal Reentry of a Removed Alien.

At the hearing, Defendant entered a plea of true to Allegation 1. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the October 24, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, with no supervised release to follow, to run consecutively to any other sentence being served and/or that may be imposed. The Court further recommends that Defendant's term of imprisonment be carried out

in FCI Big Spring, if appropriate.

**SIGNED this 31st day of October, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE